OPINION
PER CURIAM.
Bassem Moawad Hassad Elsayed, a native and citizen of Egypt, entered the United States on a tourist visa on June 28, 1998. He obtained an F-l student visa while studying at Union County College, and remained in the United States illegally after his student visa expired. On March 23, 2006, the government issued a Notice to Appear charging Elsayed with being removable under INA §§ 237(a)(1)(B) and 237(a)(1)(C)© for being present in violation of law and for failing to maintain nonimmigrant status, respectively.
Elsayed filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) on the basis that he will be targeted upon return to Egypt for being “Americanized.” The Immigration Judge (“IJ”) denied relief, and the Board of Immigration Appeals (“BIA”) dismissed El-sayed’s appeal.
Elsayed, through counsel, presents a petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252. We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n. 2 (3d Cir. 2002). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir.2005).
Elsayed presents three issues in his petition. He contends that the IJ used the wrong standard to rule on his withholding claim; that the BIA’s decision is no more than an improper affirmance without opinion that does not provide analysis of the IJ’s decision; and that the IJ did not properly analyze the State Department material in the record. Among other arguments, the Government counters that because Elsayed did not include any argument that he was improperly denied asylum, withholding, or CAT relief, he waived his claims for those forms of relief.
Upon review of Elsayed’s brief, we note that he maintains that he was entitled to withholding but does not press arguments relating to his claims of asylum and CAT relief.[1] Accordingly, we consider any claims relating to asylum or CAT relief waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n. 1 (3d Cir.2005). We will, however, review the issues he raises as they relate to his withholding claim.
We reject Elsayed’s contention that the IJ used the wrong standard to deny him withholding. Both the IJ and BIA clearly articulated the proper “clear probability” or “more likely than not” standard. R. at 3,107. See Kaita v. Att’y Gen. of the United States, 522 F.3d 288, 296 (3d Cir. 2008) (explaining that “[i]n order to qualify for withholding of removal, a petitioner must establish a ‘clear probability,’ that is, that ‘it is more likely than not’ that her life or freedom would be threatened if returned to her country due to her race, religion, nationality, membership in a particular social group, or political opinion”). There is no evidence in the record that the agency tried to require Elsayed to meet the “clear and convincing” standard he cites. In fact, the IJ and the BIA rejected *342 Elsayed’s claim on the basis of its failure to meet the less stringent standard for winning asylum relief.
We also disagree with Elsayed that the BIA’s decision was no more than an improper affirmance without opinion or a summary recitation of the IJ’s decision without analysis. The BIA wrote a two-page opinion that included sufficient detail to show that it reviewed the record and that it considered and analyzed Elsayed’s arguments before the IJ and on appeal. See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir.2002) (noting that the BIA “ ‘is not required to write an exegesis on every contention’ ”) (citation omitted).
Lastly, Elsayed contends that the IJ did not take into account evidence in the Department of State material in the record that supports his claim. However, the State Department reports in the record simply do not include evidence to support a claim that Elsayed or a person like him would be targeted as “Americanized” on return to Egypt from the United States. Elsayed also cites information he provided on appeal to the BIA to support his claim. Although the BIA noted that the new evidence did not establish that people returning to Egypt from America are targeted for persecution for being Americanized, the BIA did not consider it in deciding Elsayed’s claim. The BIA did not err in declining to consider those documents because the BIA is precluded from engaging in fact-finding on appeal. See 8 C.F.R. § 1003.1(d)(3)(iv).
In short, the three issues that Elsayed presents in his petition for review are without merit. To the extent that Elsayed also raises a general challenge to the agency’s decision to deny him withholding, we also hold that substantial evidence supports the BIA’s decision that Elsayed failed to demonstrate a clear probability of future persecution. Although persecution may occur amidst general civil strife, generalized violence does not excuse the petitioner from demonstrating a nexus between the persecutory acts and a protected category. See Vente v. Gonzales, 415 F.3d 296, 301 (3d Cir.2005). Assuming, as the agency did, that Elsayed was a member of a protected category, he did not show the necessary nexus. For these reasons, we will deny the petition for review.

. In fact, he describes his application for relief as one treated, in the agency, as an application for withholding. (Petitioner’s Br. at 2.)